IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TYRIQUE McWILSON, | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : Civil Action No. _____ |
| NORTH AND SOUTH ENTERPRISES, LLC d/b/a Tom, Dick & Hank BBQ, HENRY Y. JOHNSON and MORGANA FREEMAN, | : |
| | : |
| Defendants. | : |

## COMPLAINT

Plaintiff Tyrique McWilson ("McWilson") brings this Complaint against Defendants North and South Enterprises, LLC d/b/a Tom, Dick & Hank BBQ. ("North and South"), Henry Y. Johnson ("Johnson") and Morgana Freeman ("Freeman") (collectively "Defendants") and shows this Court as follows:

## Introduction

1.

This is a wage and hour case. Defendants operate two Atlanta area restaurants operating under the trade name of "Tom, Dick & Hank BBQ" ("TDH"). They employed McWilson as a cook at the TDH restaurant located at 191 Ralph David Abernathy Blvd SW, Atlanta, GA 30312 ("TDH Downtown") from March 2016 through March 16, 2020. Defendants failed to pay McWilson at one and one half

time his regular rate for work he performed in excess of 40 hours during each work week.

**Jurisdiction and Venue**

2.

This Court has subject-matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), and 28 U. S.C. § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because North and South is located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**The Parties**

4.

McWilson resides within DeKalb County, Georgia.

5.

North and South is a domestic limited liability company organized under the laws of the State of Georgia.

6.

North and South is subject to the personal jurisdiction of this Court.

7.

During the period from May 2017 through March 16, 2020 (hereinafter "the Relevant Time Period"), North and South owned and/or operated TDH Downtown.

8.

North and South employed McWilson as a cook throughout the Relevant Time Period.

9.

North and South may be served with process through its registered agent, Henry Johnson at 191 Ralph David Abernathy Blvd., Atlanta, Georgia 30312.

10.

Johnson resides within Fulton County, Georgia.

11.

Johnson is an owner and/or manager of TDH Downtown.

12.

Johnson is an owner and/or manager of North and South.

13.

Johnson is subject to the personal jurisdiction of this Court.

14.

Johnson may be served with process at 805 Clifton Springs Close Drive, Atlanta, Georgia 30349 or wherever he may be located.

15.

Freeman resides within Fulton County, Georgia.

16.

Freeman is an owner and/or manager of TDH Downtown.

17.

Freeman is an owner and/or manager of North and South.

18.

Freeman is subject to the personal jurisdiction of this Court.

19.

Freeman may be served with process at 805 Clifton Springs Close Drive, Atlanta, Georgia 30349 or wherever she may be located.

**Enterprise Coverage under the FLSA**

20.

Throughout the Relevant Time Period, North and South was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

21.

Throughout the Relevant Time Period, two or more employees of North and South handled materials used by the company for its business purposes including, but not limited to, beer, liquor, food, food packaging materials, cook wear, utensils, office furniture, phones, computers, and office supplies.

22.

Throughout 2017, North and South employed two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

Throughout 2018, North and South employed two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

24.

Throughout 2019, North and South employed two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

25.

Throughout 2020, North and South employed two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

26.

Throughout 2017, North and South employed two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

27.

Throughout 2018, North and South employed two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

28.

Throughout 2019, North and South employed two or more "employees handling, selling or otherwise working on goods or materials that have been moved

in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

29.

Throughout 2020, North and South employed two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

30.

In 2017, North and South had an annual gross volume of sales made or business done of not less than $500,000.

31.

In 2018, North and South had an annual gross volume of sales made or business done of not less than $500,000.

32.

In 2019, North and South had an annual gross volume of sales made or business done of not less than $500,000.

33.

In 2020, North and South had or is expected to have an annual gross volume of sales made or business done of not less than $500,000.

34.

Throughout the Relevant Time Period, North and South had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise

taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

35.

Throughout the Relevant Time Period, North and South has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

36.

Throughout the Relevant Time Period, McWilson was "engaged in commerce" as an employee of North and South within the meaning of FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

**FLSA Individual Coverage**

37.

Throughout the Relevant Time Period, McWilson was "engaged in commerce" as an employee of North and South within the meaning of 3(s)(1(A) and (B).

**Employment Status**

38.

Throughout the Relevant Time Period, McWilson was an "employee" of North and South within the meaning of FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

39.

Throughout the Relevant Time Period, North and South was an "employer" of McWilson within the meaning of FLSA § 3(d), 29 U.S.C. §203(d).

**Statutory Employers**

40.

At all times during the Relevant Time Period, Johnson exercised operational control over the work activities of McWilson.

41.

Throughout the Relevant Time Period, Johnson participated in the day to day operation of North and South.

42.

Throughout the Relevant Time Period, Johnson participated in the day to day operation of TDH Downtown.

43.

Throughout the Relevant Time Period, North and South vested Johnson with supervisory authority over McWilson.

44.

Throughout the Relevant Time Period, Johnson exercised supervisory authority over McWilson.

45.

Throughout the Relevant Time Period, Johnson scheduled McWilson's working hours or supervised the scheduling of McWilson's working hours.

46.

Throughout the Relevant Time Period, Johnson had authority to adjust, change or modify McWilson's work schedule.

47.

Throughout the Relevant Time Period, Johnson exercised authority and supervision over McWilson's compensation.

48.

Throughout the Relevant Time Period, Johnson had authority to adjust, change or modify McWilson's compensation.

49.

Throughout the Relevant Time Period, Johnson has been an "employer" within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d).

50.

Throughout the Relevant Time Period, Freeman exercised operational control over the work activities of McWilson.

51.

Throughout the Relevant Time Period, Freeman participated in the day to day operation of North and South.

52.

Throughout the Relevant Time Period, Freeman participated in the day to day operation of TDH Downtown.

53.

Throughout the Relevant Time Period, North and South vested Freeman with supervisory authority over McWilson.

54.

Throughout the Relevant Time Period, Freeman exercised supervisory authority over McWilson.

55.

Throughout the Relevant Time Period, Freeman scheduled McWilson's working hours or supervised the scheduling of McWilson's working hours.

56.

Throughout the Relevant Time Period, Freeman had authority to adjust, change or modify McWilson's work schedule.

57.

Throughout the Relevant Time Period, Freeman exercised authority and supervision over McWilson's compensation.

58.

Throughout the Relevant Time Period, Freeman had authority to adjust, change or modify McWilson's compensation.

59.

Throughout the Relevant Time Period, Freeman has been an "employer" within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d).

**Non-Exempt Status**

60.

Throughout the Relevant Time Period, North and South compensated McWilson on an hourly basis.

61.

Throughout the Relevant Time Period, North and South did not compensate McWilson on a salaried basis.

62.

Throughout the Relevant Time Period, McWilson was not exempt from the Maximum Hour requirements of the FLSA by reason of any exemption set forth in FLSA § 13.

63.

Throughout the Relevant Time Period, North and South did not employ McWilson in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

64.

Throughout the Relevant Time Period, North and South did not employ McWilson in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

65.

Throughout the Relevant Time Period, North and South did not employ McWilson in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

66.

Throughout the Relevant Time Period, McWilson did not possess a specialized degree or certification that he utilized to perform his duties on behalf of Defendants.

67.

Throughout the Relevant Time Period, North and South did not employ McWilson in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

**Additional Factual Allegations**

68.

North and South employed McWilson as a cook at TDH Downtown from March 2016 through March 16, 2020.

69.

From approximately March 2016 through October 2019, Defendants employed McWilson as a line cook.

70.

From approximately November 2019 through March 16, 2020, Defendants employed McWilson as a lead cook.

71.

Throughout the Relevant Time Period, North and South compensated McWilson at an hourly rate of pay.

72.

From March 2017 through approximately February 2018, North and South compensated McWilson at a rate of $12.00 per hour.

73.

From March 2018 through approximately October 2019, North and South compensated McWilson at a rate of $13.00 per hour.

74.

From approximately November 2019 through March 16, 2020, North and South compensated McWilson at a rate of $14.00 per hour.

75.

Throughout the Relevant Time Period, McWilson regularly worked as a cook at TDH Downtown on five (5) days during most work weeks.

76.

Throughout the Relevant Time Period, McWilson sometimes worked as a cook at TDH Downtown six (6) days during some work weeks.

77.

Throughout the Relevant Time Period, McWilson regularly worked 40-66 hours during most, if not all work weeks.

78.

Throughout the Relevant Time Period, Defendants compensated McWilson at his regular hourly rate (*i.e.* at straight pay) for all hours worked regardless of the number of hours he actually worked during each work week.

79.

At all times during the Relevant Time Period, Defendants were aware of the actual hours that McWilson worked during each work week.

80.

At all times relevant to this action, Defendants knew or should have known that the FLSA applied to McWilson.

81.

At all times during the Relevant Time Period, Defendants knew or should have known that FLSA § 7 required that Defendant compensate McWilson at one–and–one–half times his regular hourly rate for work performed in excess of forty hours in each workweek.

82.

Throughout the Relevant Time Period, Defendants failed to compensate McWilson at one–and–one–half times his regular hourly rate for work performed in excess of forty hours in each work week.

83.

Throughout the Relevant Time Period, Defendants willfully failed to compensate McWilson at one–and–one–half times his regular hourly rate for work performed in excess of forty hours in each work week.

## COUNT I–Failure to Pay Overtime

84.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

85.

Throughout the Relevant Time Period, McWilson has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

86.

Throughout the Relevant Time Period, McWilson regularly worked in excess of 40 hours during most, if not all, work weeks.

87.

Throughout the Relevant Time Period, Defendants failed to compensate McWilson at one and one-half times his regular hourly rate for all hours he worked in excess of 40 hours during each work week, in violation of FLSA § 7(b), 29 U.S.C. § 207.

88.

Throughout the Relevant Time Period, Defendants willfully failed to compensate McWilson at one and one-half times his regular hourly rate for all hours he worked in excess of 40 hours during each work week within the meaning of FLSA § 55, 29 U.S.C. § 255.

89.

As a result of the underpayment of overtime compensation as alleged above, McWilson is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

90.

As a result of the underpayment of overtime compensation as alleged above, McWilson is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

91.

As a result of the underpayment of overtime compensation as alleged above, McWilson is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, McWilson respectfully prays:

1. That his claims be tried before a jury;
2. That he be awarded an amount to be determined at trial against all Defendants jointly and severally in unpaid overtime compensation due under the FLSA,
3. That he be awarded an additional equal amount against all Defendants jointly and severally as liquidated damages;
4. That he be awarded nominal damages against all Defendants jointly and severally;
5. That he be awarded his costs of litigation, including his reasonable attorneys' fees against all Defendants jointly and severally; and
6. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

                                    **DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**

101 Marietta Street                                */s/ Kevin D. Fitzpatrick, Jr.*
Suite 2650                                               Kevin D. Fitzpatrick, Jr.
Atlanta, Georgia 30303                      Ga. Bar No. 262375
(404) 979-3171                                 */s/Charles R. Bridgers*
(404) 979-3170 (f)                            Charles R. Bridgers
kevin.fitzpatrick@dcbflegal.com      Ga. Bar No. 080791
charlesbridgers@dcbflegal.com

                                                      COUNSEL FOR PLAINTIFF